OPINION of the Court, by
Judge Owsley.
— This is an action on the case brought by Cates against North, in the Christian circuit court. The declaration in substance charges, that Cates had been for a long time, and still was possessed of a certain tract of land, messuage and cottage, with all its appurtenances, in the county of Christian, upon which he, Cates, had made 140 pannels of fence, of the value of one hundred dollars ; that the said North, well knowing the premises, but contriving and maliciously intending, &c. whilst he, Cates, was so possessed thereof, caused and directed a certain negro man in his possession and under his direction and control, to set fire to the barrens, which said negro, whilst so under the direction and control of North, did carelessly and negligently set fire to the barrens, close to said Cates’s fence, which fire communicated to the fence aforesaid, and burnt up-pannels thereof, whereby Cates lost the fence, had his crop and enclosed ground exposed to hogs, horses and cattle,&c. North pleaded, 1st, not guitly; 2d, that Cates at the time of the trespass and injury in the declaration 'mentioned, had nothing in the .tract of land, messuage and cottage mentioned, &c. ; 3d, that without malice or negligence, he did well and honestly set fire to the grass on his own ground, as well and truly and legally, by the law of the land and the custom of the country, he might do. To the first plea issue was joined ; to the second and third pleas there were special demurrers, and judgment awarded thereon in favor of Cates. On the trial of the issue North offered to give in evidence, and prove that Cates had no title, nor any right *592 of possession to the land on which the trespass is charged to have been committed ; but that the title was in |Wil!iam Daniel, or some stranger ; and that Cates had only the naked possession and was a mere intruder, and had built the fence about two years previous to the burning ; but the admission of the evidence was; rejected By the court. Cates recovered a verdict for seventy dolíais. A new trial was applied for by North, on the grounds, 1st, that the verdict was contrary to evidence ; 2nd, that the damages were excessive; 3d, that the court erred in rejecting the evidence offered by North. The application was overruled by the court, and th.e evidence given on the trial made a part of the record.
The first inquiry proper for the consideration of this court is, whether the declaration contains any cause of action ; and if it does, whether the court decided correctly in rejecting the evidence offered by North ? In actions for trespass committed on land, possession is sufficient against a wrongdoer ; and where the plaintiff declares on his possession, and the defendant in his plea makes tide, it is sufficient for the plaintiff in his replication to traverse the defendant’s title, without setting up anv title in himself- — 2 Stra. 1238, Bull. N. P. 93, Esp. N. P. 409.
The disseisee oí land cannot maintain an action of trespass for an injury done thereto, between the time oí desseisín and rc-entrv. Only the person who has the possession in fact of the real property to which an injury has been done, can maintain an action of trespass, See. — -6 line. 560. From these authorities it seems evident that in actions of trespass, it is not necessary for the plaintiff in his declaration to allege title, nor in such cases would it be sufficient lor the defendant to traverse the title of the plaintiff, but he should shew either a title in himself, or some other under whose authority he entered. The circumstance of the injury complained of in this case being consequental, and not immediate, can produce no effect on the right of Cates to have redress for the injury, or the liability of North to make repa-ratión ; it aiRc's the rm de of action only, and not the rights of the parties. In both cases the injury is the same, and in actions on the case (as well as trespass) the plaintiff in his declaration need not state title in him *593 self, for possession is sufficient in such case against a wrongdoer, and the title being only inducement cannot be traversed, except the defendant sets up a title in himself and justifies — 4 Mod. 424, Esp. N. P. 652.
We think therefore, the decoration contains a uif fteient- cause of action ; and that the court dei ¡ded ■ correctly in rejecting the evidence offered by North, to prove title in a stranger. Whether an intruder on the lands of the commonwealth acquires such an interest fer which he can maintain an action against a trespasser, need not be decided, inasmuch as the evidence offered by North was not to prove a title in the commonwealth, but in a stranger. Perhaps such a case would be governed by different rules, as it is said an intruder cannot give such a possession against the King in England, upon which he can have an action of trespass — » 2 Plow. Com. 540. We would however not be understood as giving any opinion on that point. If we are correct in the position, that possession alone is sufficient to maintain an action against a wrongdoer, the court certainly decided correctly in sustaining the demurrer of Cates to the second plea of North. The third plea is also insufficient; it contains no answer to the allegations in the declaration ; it contains no averment that the setting fire in the plea mentioned is the same complained of by Cates in his declaration ; besides, it states no fact which was not properly admissible as evidence, under the plea of not guilty.
The only remaining question for consideration is, whether a new trial should have been granted, because of the excessiveness of damages? In actions of this description, the damages ought not to be weighed in a nice balance, but must be such as appear at first blushs tobe outrageous, and indicate passion oi pa aialitv in the jury, to authorise the granting a new trial. This does not appear to be a case of that description ; we cannot say the damages are excessive ; the court there» fore acted correctly in relusing to grant a new trial.
Judgment affirmed, with costs and damages*